United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

    v.

MARSHALL-EDWARD: MIKELS,

    Defendant.

_____/

No. C 11-4687 PJH

**ORDER GRANTING MOTION TO REMAND**

Defendant Marshall E. Mikels removed this unlawful detainer action from the Superior Court of California, County of San Mateo, on September 21, 2011, alleging federal question jurisdiction and diversity jurisdiction. On October 14, 2011, plaintiff U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Adjustable Rate Mortgage Trust 2007-3 Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2007-3 ("U.S. Bank") filed a motion to remand for lack of subject matter jurisdiction. The court has reviewed the notice of removal, the state court complaint, and the plaintiff's motion, and finds that plaintiff's motion must be GRANTED and the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of

citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

Plaintiff U.S. Bank filed the complaint at issue in San Mateo Superior Court on January 21, 2011. The complaint alleges a single cause of action under state law, for unlawful detainer to recover possession of property following a non-judicial foreclosure sale of the property on August 6, 2010 to U.S. Bank. A copy of the Trustee's Deed Upon Sale, which was recorded in the Official Records of the County of San Mateo on August 17,

2010, is attached as an exhibit to U.S. Bank's Request for Judicial Notice in support of its motion to remand.

The complaint asserts that following the sale, defendant was served with a three-day written notice to quit and deliver up possession of the property to U.S. Bank, and that as of the date the complaint was filed, defendant remained in possession of the property.

The notice of removal alleges no facts from which the court can find that it has federal question jurisdiction under 28 U.S.C. § 1331.  Defendant asserts that jurisdiction is proper under the Constitution and laws of the United States, based on alleged violations of his right to trial by jury, and his rights under the federal Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Notice of Removal ¶¶ 5-6.

While defendant purported to remove the action under federal question jurisdiction by asserting that he has claims or defenses based on federal law, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action.  Rather, the complaint alleges only a single claim under California Code of Civil Procedure § 1161a.  As no federal question is raised in the complaint, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00.  The complaint specifies on the caption page that the demand is "under $10,000.00."  The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit.  The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages.  Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00.

Accordingly, as the court lacks subject matter jurisdiction, and has no power to consider any of defendant's claims, the motion to remand is GRANTED.  The action is

hereby REMANDED to the San Mateo County Superior Court.

The clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: November 7, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge