1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                         NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11   U.S. BANK NATIONAL ASSOCIATION,

12          Plaintiff,                          No. C 11-4687 PJH

13          v.                                  **ORDER GRANTING MOTION
                                                TO REMAND**
14   MARSHALL-EDWARD: MIKELS,

15          Defendant.
     _____/

16

17          Defendant Marshall E. Mikels removed this unlawful detainer action from the

18   Superior Court of California, County of San Mateo, on September 21, 2011, alleging federal

19   question jurisdiction and diversity jurisdiction.  On October 14, 2011, plaintiff U.S. Bank

20   National Association, as Trustee, on Behalf of the Holders of the Adjustable Rate Mortgage

21   Trust 2007-3 Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2007-3

22   ("U.S. Bank") filed a motion to remand for lack of subject matter jurisdiction.  The court has

23   reviewed the notice of removal, the state court complaint, and the plaintiff's motion, and

24   finds that plaintiff's motion must be GRANTED and the case must be remanded for lack of

25   subject matter jurisdiction.

26          Subject matter jurisdiction is fundamental and cannot be waived.  Billingsly v. C.I.R.,

27   868 F.2d 1081, 1085 (9th Cir. 1989).  Federal courts can adjudicate only those cases which

28   the Constitution and Congress authorize them to adjudicate – those involving diversity of

**United States District Court**
For the Northern District of California

1    citizenship or a federal question, or those to which the United States is a party.

2    Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-

3    Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992)

4    (federal courts have no power to consider claims for which they lack subject-matter

5    jurisdiction).

6         A defendant may remove a civil action filed in state court if the action could have

7    originally been filed in federal court.  28 U.S.C. § 1441.  The removal statutes are

8    construed restrictively, however, so as to limit removal jurisdiction.  Shamrock Oil & Gas

9    Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty

10   Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

11        The burden of establishing federal jurisdiction for purposes of removal is on the party

12   seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  The

13   district court must remand the case if it appears before final judgment that the court lacks

14   subject matter jurisdiction.  28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker

15   Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

16        Subject matter jurisdiction is determined from the face of the complaint.  Toumajian

17   v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal

18   question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams,

19   482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly

20   pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90

21   (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the

22   complaint).  Jurisdiction may not be based on a claim raised as a defense or a

23   counterclaim.  See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

24        Plaintiff U.S. Bank filed the complaint at issue in San Mateo Superior Court on

25   January 21, 2011.  The complaint alleges a single cause of action under state law, for

26   unlawful detainer to recover possession of property following a non-judicial foreclosure sale

27   of the property on August 6, 2010 to U.S. Bank.  A copy of the Trustee's Deed Upon Sale,

28   which was recorded in the Official Records of the County of San Mateo on August 17,

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   2010, is attached as an exhibit to U.S. Bank's Request for Judicial Notice in support of its

2   motion to remand.

3        The complaint asserts that following the sale, defendant was served with a three-day

4   written notice to quit and deliver up possession of the property to U.S. Bank, and that as of

5   the date the complaint was filed, defendant remained in possession of the property.

6        The notice of removal alleges no facts from which the court can find that it has

7   federal question jurisdiction under 28 U.S.C. § 1331.  Defendant asserts that jurisdiction is

8   proper under the Constitution and laws of the United States, based on alleged violations of

9   his right to trial by jury, and his rights under the federal Truth in Lending Act ("TILA"), the

10   Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act

11   ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Notice of

12   Removal ¶¶ 5-6.

13       While defendant purported to remove the action under federal question jurisdiction

14   by asserting that he has claims or defenses based on federal law, the complaint itself does

15   not raise any federal statutory or constitutional provision as the basis for the unlawful

16   detainer action.  Rather, the complaint alleges only a single claim under California Code of

17   Civil Procedure § 1161a.  As no federal question is raised in the complaint, there is no

18   federal question jurisdiction.

19       Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in

20   controversy is under $75,000.00.  The complaint specifies on the caption page that the

21   demand is "under $10,000.00."  The complaint seeks restitution of the premises, damages

22   in the amount of $50.00 per day from August 6, 2010, through the date that defendant

23   remains in possession of the property, plus costs of suit.  The amount in controversy is not

24   the assessed value or the sales value of the property, but rather the $50.00 per day that

25   HSBC is seeking in damages.  Thus, if HSBC prevails against defendant in the unlawful

26   detainer action, liability will not exceed $75,000.00.

27       Accordingly, as the court lacks subject matter jurisdiction, and has no power to

28   consider any of defendant's claims, the motion to remand is GRANTED.  The action is

3

1    hereby REMANDED to the San Mateo County Superior Court.

2         The clerk shall close the file and terminate any pending motions.

3

4    **IT IS SO ORDERED.**

5    Dated:  November 7, 2011

6    _____
     PHYLLIS J. HAMILTON
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

4